**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORSTAN INCORPORATED, DBA Black Box Network Services; BLACK BOX NETWORK SERVICES EMPLOYEE HEALTH PLAN, | No. 12-16897 |
| | D.C. No. 2:12-cv-00481-GMS |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM[*] |
| JENNIFER N. LANCASTER, Estate of James Joseph Lancaster; ESTATE OF JAMES JOSEPH LANCASTER, personal representative of Jennifer N. Lancaster, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted June 14, 2013
San Francisco, California

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, RIPPLE,** and CALLAHAN, Circuit Judges.

Jennifer Lancaster, personal representative of the Estate of James Joseph Lancaster (the "Estate") (collectively, Ms. Lancaster and the Estate are the "Estate Defendants"), filed this interlocutory appeal after the district court granted a preliminary injunction requested by Norstan Inc., an ERISA plan administrator, and Black Box Network Services Employee Health Plan (the "Plan"). The district court's order enjoined the Estate Defendants from dismissing or accepting settlement of the Estate's claims against certain medical services providers without the written consent of the Plan, other than for amounts "above and beyond the reasonable value of services and benefits the Plan provided to Lancaster." Norstan Inc. v. Lancaster, 12-cv-00481-GMS, 2012 WL 3155575, at *5 (D. Ariz. Aug. 3, 2012). We affirm.[1]

The Estate Defendants argue that the district court had no jurisdiction to issue the injunction and that the Estate is not bound by the ERISA plan documents because the Estate is not a "covered person" under the terms of the ERISA plan. These arguments are without merit.

---

** The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

[1] Our jurisdiction is predicated on 28 U.S.C. § 1292(a)(1).

Whether a party is "covered" under the terms of an ERISA plan "is a substantive element of [the] claim, not a prerequisite for subject matter jurisdiction." Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 971 (9th Cir. 2012).

The only argument raised by the Estate Defendants in opposition to the preliminary injunction is that the Estate is not a "covered person," but they waived this argument by not raising it to the district court. Even if it was not waived, the plan documents' definition of "covered person" clearly includes the Estate.[2]

The order of the district court is AFFIRMED.

---

[2] The plan documents define "covered person" as:

(1) any individual who at the time an eligible expense is incurred is covered under the plan and for which the plan is obligated to provide coverage, and (2) any individual who has had benefits paid by the plan. Covered person also includes any person acting on behalf of the covered person, including but not limited to the covered person's attorney and the covered person's estate.

E.R. 64 (emphasis added).